UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SANDRA WITTENBERG and HOWARD
WITTENBERG,

    Plaintiffs,

v.                                                  CASE NO. 8:17-cv-467-T-26AEP

GRADY JUDD, in his official capacity as the
Sheriff of Polk County, Florida; JASON
VARNADORE; and BRADFORD COPLEY,

    Defendants.
_____/

# O R D E R

**BEFORE THE COURT** is Defendants Grady Judd and Jason Varnadore's Motion to Dismiss (Dkt. 6), Plaintiffs' Response in Opposition (Dkt. 14), Defendant Bradford Copley's Motion to Dismiss (Dkt. 7), and Plaintiffs' Response in Opposition (Dkt. 16). After careful consideration of the allegations of the complaint (Dkt. 2), argument of counsel, and the applicable law, the Court concludes the motions should be granted without prejudice to refiling an amended complaint.

## ALLEGATIONS

In this removed action, Plaintiffs, husband and wife, sue Grady Judd as the Sheriff of Polk County, Florida, Jason Varnadore who is an officer with the Polk County Sheriff's Office, and Bradford Copley who is an assistant state attorney for the Tenth

Judicial Circuit of Florida, for damages resulting from the detention and arrest of Ms. Wittenberg and unlawful detention of Mr. Wittenberg. The complaint alleges that on March 10, 2013, Ms. Wittenberg mailed a letter to the Polk County Tax Collector.[1] Plaintiffs admit that in writing the letter, "Ms. Wittenberg used coarse language and was admittedly rude, angry and derogatory."[2] Plaintiffs allege, however, that the letter

---

[1] See docket 2, para. 10. Although the complaint does not have a copy of the letter attached, Sheriff Judd and Detective Varnadore attached a copy to their motion. The letter reads as follows:

> Per the advice of my attorney, Richard Friedman, I am enclosing a check for $136.00 to be applied to the extortion fund of Christopher Rudolph for tourist taxes that are not due. The only reason I am paying this is because I am sick and tired of that son of a b**** Rudolph's d*** being stuck up my a** and want him out of my life. He is an arrogant piece of garbage and a detriment to society. This piece of garbage has yet to tell me what house this supposed tax was for since I have repeatedly proven that I had ONE house in Polk for the time period that he is going over and all tourist taxes were paid but his ears must be clogged with all the extra fat on his body.
>
> Since my neighbors have told me that they witnessed on two occasions someone at my front door taping a letter on the glass and also putting their ears to the door, if anyone from Polk County tax office steps foot on my property again, I will deem this as a threat to my family and trespassing and will use whatever force I have to against that person under the laws of Florida.
>
> Hopefully now I am paid in full until Rudolph decides to extort more money from me for houses that don't exist. Now, take this check and stick it up Rudolph's a**.

[2] See docket 2, para. 11.

constituted "free speech that is completely protected under the First Amendment of the U.S. Constitution."[3] In the course of executing a search warrant of the Wittenberg home, Ms. Wittenberg was arrested and Mr. Wittenberg was "detained for hours without probable cause" on April 3, 2013.[4] Firearms and other items were seized at that time "that were neither included within the scope of the search warrant nor reasonably contemplated by the scope of the search warrant." [5]

Ms. Wittenberg was later charged with corruption by threat against a public official in the Tenth Judicial Circuit in and for Polk County, Florida.[6] The criminal case was terminated, which "constituted a bona fide termination of that proceeding in her favor."[7] The Plaintiffs seek damages based on one federal claim for relief and three state claims: violations of both Plaintiffs' Fourth Amendment rights pursuant to 42 U.S.C. §§ 1983 and 1988 against Detective Varnadore and Assistant State Attorney Copley individually (Count I); false arrest and imprisonment of both Plaintiffs against Sheriff Judd and Detective Varnadore (Count II); false arrest and false imprisonment of both Plaintiffs for acts committed by Detective Varnadore outside the scope of his employment

---

[3] See docket 2, para. 11.

[4] See docket 2, paras. 13 & 14.

[5] See docket 2, para. 16.

[6] See docket 2, para. 15.

[7] See docket 2, para. 43.

(Count III);[8] and malicious prosecution of Ms. Wittenberg only against Detective Varnadore (Count IV).[9]

## ARGUMENT

Attached to Defendants' motions are the search warrant affidavit and the "arrest affidavit."[10] Only a search warrant was issued in this matter, however.[11] Defendants Sheriff Judd and Detective Varnadore argue that 1) Plaintiffs failed to attach an essential document to the complaint– either the "arrest affidavit" or the search warrant affidavit; 2) the search warrant and the arrest affidavit establish probable cause; 3) the federal claim against Detective Varnadore should be dismissed based on qualified immunity; 4) the state law false arrest and imprisonment claims should be dismissed against Sheriff Judd in his official capacity and Detective Varnadore because probable cause existed for the arrest and detention; and 5) the state law malicious prosecution claim against Detective Varnadore should be dismissed because the complaint does not allege that he was acting outside the scope of his employment or otherwise acting in bad faith, with malice, or wantonly. Alternatively, they move for a more definite statement and move to require

---

[8] Only Ms. Wittenberg was actually arrested.

[9] Count IV is titled as an action brought individually against Detective Varnadore; however, the wherefore clause seeks relief against Sheriff Judd in his official capacity.

[10] See docket 6, at Exh. 2 (search warrant application with affidavit attached), and docket 7, at Exh. 1 (arrest affidavit and search warrant application with affidavit attached).

[11] In any event, the factual basis of the affidavits are almost identical.

that Plaintiffs attach the search warrant and the arrest affidavit to the complaint. Defendant Assistant State Attorney Copley argues that 1) the complaint is devoid of any facts to support the conclusion that Plaintiffs' Fourth Amendment rights have been violated; 2) he is entitled to absolute immunity based on his procurement of the search warrant; and 3) alternatively, he is entitled to qualified immunity if not absolute immunity.

## STANDARD

The complaint must allege "enough" facts, accepted as true and construed in the light most favorable to the plaintiff, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 1964-65, 1974, 167 L.Ed.2d 929 (2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 US. at 555, 127 S.Ct. at 1964-65 (internal citations omitted). Legal conclusions "couched" as facts need not be accepted as true. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949. The conclusory legal allegations must first be separated out, and then "the remaining well-pleaded factual allegations" may be accepted as true and determined whether they state a plausible entitlement to relief. Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013).

Determining whether the claim is plausible is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950.[12]

Generally, only the four corners of the complaint may be considered in ruling on a motion to dismiss pursuant to Rule 12(b)(6). Cline v. Tolliver, 434 F. App'x 823, 824 (11th Cir. 2011) (unpublished opinion) (citing Speaker v. U.S. Dep't of Health and Human Servs. Ctrs. for Disease Control and Prevention, 623 F. 3d 1371, 1379 (11th Cir. 2010)). The court may consider exhibits if referenced in the complaint and attached to the defendant's motion to dismiss. Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997). The court may "consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." SFM Holdings, Ltd. v. Banc of Am. Secs., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010). The Rule 12(b)(6) motion need not be converted into a Rule 56 summary judgment motion "where certain documents and their contents are undisputed." Speaker, 623 F. 3d at 1379.

The qualified immunity inquiry is intertwined with the Rule 12(b)(6) standard at the dismissal stage. Keating v. City of Miami, 598 F.3d 753, 760 (11th Cir. 2010).

---

[12] The Eleventh Circuit has clarified that there is no more heightened pleading standard in civil rights cases. Hoefling v. City of Miami, 811 F.3d 1271, 1276 (11th Cir. 2016) ("We expressly held in Randall, and reaffirm today, that 'whatever requirements our heightened pleading standard once imposed have since been replaced by those of the Twombly-Iqbal plausibility standard . . . [which] applies to *all* civil actions. . . .'") (citing Randall v. Scott, 610, F.3d 701, 707 n.2 (11th Cir. 2010)).

Qualified immunity shields government officials from individual liability as long as the acts were committed within their discretionary authority "unless the official's conduct violates clearly established [federal] statutory or constitutional rights of which a reasonable person would have known." Id., 598 F.3d at 762 (citations and internal quotation marks omitted).[13] An arrest falls within the police officer's discretionary function and requires only "arguable probable cause" to fulfill the clearly-established element. See Case v. Eslinger, 555 F.3d 1317, 1327 (11th Cir. 2009) (citing Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002)). "Arguable probable cause exists 'where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant could have believed that probable cause existed to arrest.'" Case, 555 F.3d at 1327 (citation omitted). After establishing that the act is discretionary, then the plaintiff must show that the defendant violated a constitutional right and that the right was clearly established at the time of the alleged violation. Fish v. Brown, 838 F.3d 1153, 1162 (11th Cir. 2016) (citations omitted). It does not matter which factor is considered first. Fish, 838 F.3d at 1162 (citing Pearson v. Callahan, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009)).

---

[13] "Qualified immunity only protects public officials from lawsuits brought against them in their individual capacity." Young Apartments, Inc. v. Town of Jupiter, 529 F.3d 1027, 1047 (11th Cir. 2008) (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1184 n. 16 (11th Cir 1994)). A § 1983 claim brought against a sheriff in his official capacity imposes liability against the department he or she represents. Welch v. Laney, 57 F.3d 1004, 1008 (11th Cir. 1995) (citing Brandon v. Holt, 469 U.S. 464, 471-72, 105 S.Ct. 873, 877-78, 83 L.Ed.2d 878 (1985)).

A motion for more definite statement under Federal Rule of Civil Procedure 12(e) addresses a pleading that "is so vague or ambiguous" that the responding party cannot form a response. Fed.R.Civ.P. 12(e); Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996) (affirming district court's denial of qualified immunity because appellate court could not decipher the pleadings when defendants had not moved for motion for more definite statement at district court, and affirming without prejudice to parties properly joining claims and defenses at district court). Rule 12(e) is directed toward pleadings that lack "sufficient specificity to provide adequate notice." Barthelus v. G4S Gov't Solutions, Inc., 752 F.3d 1309, 1313 n.6 (11th Cir. 2014) (quoting Justice Stevens' dissent in Twombly, 550 U.S. at 590 n.9).

## DISCUSSION

### *Count I–Federal Claim as to Detective Varnadore*

The bare-boned complaint alleges many legal conclusions, which this Court must not consider when determining whether the claim is plausible. Count I alleges that Defendants Varnadore and Copley were acting under color of state law– Detective Varnadore as an officer of the Polk County Sheriff's office and Assistant State attorney Copley as a *"de facto* law enforcement officer and investigator."[14] Plaintiffs allege that both of these Defendants arrested the Plaintiffs "without arguable probable cause" and

---

[14] See docket 2, paras. 8, 9, and 18.

such conduct was "objectively unreasonable."[15] The complaint further alleges that Ms. Wittenberg was arrested, and Mr. Wittenberg was detained "for hours" without arguable probable cause.[16] Plaintiffs allege that Ms. Wittenberg was arrested for having mailed a letter dated March 10, 2013, which was not attached to the complaint but to the motions to dismiss.[17] After reviewing the four corners of the complaint, the Court finds the allegations wanting in facts to support its legal conclusions.

Defendants urge this Court to consider the search warrant affidavit and the arrest affidavit they have attached to the motions to dismiss. Defendants rely in part on Drudge v. City of Kissimmee, 581 F.Supp.2d 1176, 1186 (M.D. Fla. 2008), and Smith v. Lanier, 573 F.Supp.2d 6, 8 n.1 (D.D.C. 2008). Drudge is distinguishable because it involved an arrest pursuant to an arrest warrant, and the plaintiff contested omissions from the arrest warrant. Ms. Drudge argued that the facts omitted from the arrest affidavit would have negated probable cause. In Smith, the court cited a case in its own district for the proposition that a court may take judicial notice of a search warrant and affidavit without converting a motion to dismiss into a motion for summary judgment. Ms. Smith contested the execution of a search warrant of her home, not a warrantless arrest.

---

[15] See docket 2, para. 20. Apparently only Ms. Wittenberg was arrested.

[16] See docket 2, para. 14.

[17] See docket 2, para. 13; docket 6-1 & 6-2 (attached as Exhibit A to the probable cause affidavit); docket 7-13 (attached as Exhibit A to the probable cause affidavit).

Plaintiffs cite a case from this District in support of their contention that the search warrant affidavit should not be considered on this motion to dismiss. See Charlson v. Rutherford, No. 3:15-cv-724-J-34MCR, at *11 (M.D. Fla. Mar. 30, 2016). In Charlson, the court refused to consider the police reports attached the motion to dismiss on the basis that the documents were not central to the plaintiff's claim. See SFM Holdings, 600 F.3d at 1337; Fin. Sec. Assurance, Inc. v. Stephens, Inc., 500 F.3d 1276, 1285 (11th Cir. 2007). The police reports were disputed and could not be considered as true for purposes of a motion to dismiss, and the plaintiff's claim did not necessarily depend on the police reports as they could have been merely probative evidence of what the police officer knew, but not the foundation of Charlson's claims. Faced in this case with Defendants' reliance on the search warrant affidavit in seeking dismissal of an action seeking redress for a warrantless arrest, the Court is not compelled to consider the affidavit, which is disputed and not central to the plaintiff's claim.

Defendants rely on a case that is "factually similar" in support of dismissal on the basis of qualified immunity. See Allen v. Gooden, No. 11-61804-Civ, 2012 WL 2375330 (S.D. Fla. June 22, 2012). The Court finds it distinguishable. In Allen, the court dismissed a false arrest claim on qualified immunity grounds after a plaintiff was "briefly detained." The *pro se* complaint in Allen obviously contained many alleged facts as opposed to empty legal conclusions. Based on the allegations of the complaint here, the Court finds insufficient alleged facts from which to determine whether a plausible claim

-10-

exists for a § 1983 violation in the detention and arrest of Ms. Wittenberg and the detention of Mr. Wittenberg. Accordingly, the Plaintiffs must replead the complaint with sufficient facts to place Defendants on notice of a plausible claim.

### *Count I– Federal Claim as to Assistant State Attorney Copley*

Count I is the sole count brought against Assistant State Attorney Copley. Prosecutorial immunity, which is absolute, applies only when a prosecutor is acting as "an officer of the court," not when engaged in "investigative or administrative tasks," as alleged here. See Van de Kamp v. Goldstein, 555 U.S. 335, 342-43, 129 S.Ct. 855, 861, 172 L.Ed.2d 706 (2009). Because Plaintiffs' complaint is rife with legal conclusions as already discussed, the motion is granted with leave to add facts so that a proper determination can be made as to whether a plausible claim has been alleged.

### *Counts II and III– State Law Claims*

The state law claims for false arrest and imprisonment against Sheriff Judd in his official capacity and against Detective Varnadore individually suffer from the same infirmities as Count I. Plaintiffs are permitted to replead Counts II and III.

### *Count IV– State Law Claim*

Ms. Wittenberg alleges malicious prosecution as an alternative claim to Count II. Count IV is described in the complaint as a claim against Detective Varnadore individually; yet, the wherefore clause seeks judgment against Sheriff Judd in his official capacity. Plaintiffs allege in a conclusory fashion that Detective Varnadore "acted with

malice."[18] Plaintiffs will be allowed to amend Count IV to allege some factual basis for the malice and to clarify what capacity they are suing which Defendant.

Other miscellaneous allegations that cause confusion when reading the complaint as a whole are paragraph 8, which alleges that "Defendant Judd" is sued in his individual capacity, and paragraph 38, which alleges that Plaintiffs suffered as the result of the actions of a Detective Jones, who is named for the very first time. Plaintiffs should clarify these discrepancies when amending.

It is therefore **ORDERED AND ADJUDGED** as follows:

(1) Defendants Grady Judd and Jason Varnadore's Motion to Dismiss (Dkt. 6) is **granted** without prejudice to Plaintiffs filing an amended complaint.

(2) Defendant Bradford Copley's Motion to Dismiss (Dkt. 7) is **granted** without prejudice to Plaintiffs filing an amended complaint.

(3) Plaintiffs shall file an amended complaint without ten (10) days of the date of this order, with Defendants filing their responses within ten (10) days of service.

**DONE AND ORDERED** at Tampa, Florida, on April 19, 2017.

       s/*Richard A. Lazzara*
       **RICHARD A. LAZZARA**
       **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record

---

[18] See docket 2, para. 44.